UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ALEJANDRO ROQUE REY, (A#200-957-799),<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX,<br>Respondent. | No. 1:26-cv-04388-DJC-SCR<br><br>ORDER and<br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner is a native and citizen of Cuba who was transferred into the custody of Immigration and Customs Enforcement on or about September 11, 2025, after he served a sentence for two felony counts of marijuana trafficking. ECF No. 8; ECF No. 8-8 (Rap Sheet); ECF No. 12. Petitioner remains in immigration custody at the Central Valley Annex located in this judicial district. ECF No. 1.

An immigration judge ordered Petitioner removed to Cuba on October 6, 2025. ECF No. 8-1 at 3-4. This administrative order of removal became final on the same day because Petitioner waived his right to appeal that decision.

Beginning on February 20, 2026, Respondent initiated efforts to remove Petitioner to Mexico, rather than Cuba. See ECF No. 8-3 at 1; ECF No. 8-6 at 1. However, Petitioner

indicates that he has a fear of being removed to Mexico and does not consent to his removal to this third country.[1] Id.; see also ECF No. 12 at 2 (Petitioner's declaration indicating that he was threatened by Mexican nationals who were associated with drug cartels while in prison). Respondent did not submit any evidence that Mexico has agreed to accept Petitioner or any specific timeframe in which such a third country removal can be effectuated.

Petitioner's order of removal became final on October 6, 2025. This shifted his detention to 8 U.S.C. § 1231(a) and triggered the start of the 90-day removal period, which has since lapsed. Accordingly, Petitioner's detention is now governed by § 1231(a)(6). Applying the burden shifting framework of Zadvydas v. Davis, 533 U.S. 678 (2001), the undersigned finds that Petitioner has provided a good reason to believe that there is no significant likelihood of his removal to Mexico in the reasonably foreseeable future based on his fear of the Mexican drug cartels and his refusal to consent to this third country removal. Zadvydas, 533 U.S. at 701. Accordingly, the burden shifts to Respondent to produce evidence sufficient to rebut Petitioner's showing. Id. There is no evidence in the record demonstrating the likelihood of Petitioner's removal to Mexico in the reasonably foreseeable future. "[S]tanding alone, the fact that removals to a particular country 'are in fact occurring,' says nothing about whether Mexico will accept [Petitioner] any time soon." Arenado-Borges v. Bondi, No. 2:25-cv-02193-JNW, 2025 WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025). For these reasons, the undersigned recommends that the amended § 2241 petition be granted and that Respondent be ordered to release Petitioner immediately under reasonable conditions of supervision. See Zadvydas, 533 U.S. at 700 (holding

---

[1] Respondent is on notice of Petitioner's fear of removal to Mexico. Our immigration laws prohibit a noncitizen from being removed to any country where his or her life or freedom would be threatened on account of a protected ground or where it is more likely than not that he or she would be tortured if removed to the proposed country of removal. See 8 U.S.C. § 1231(b)(3), 8 C.F.R. §§ 208.16-18, 1208.16-18; 28 C.F.R. § 200.1 (prohibiting the execution of any removal order that would violate Article 3 of the Convention Against Torture). Under Ninth Circuit authority, "[f]ailing to notify individuals who are subject to deportation that they have a right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process." Andriasian v. INS, 180 F.3d 1033, 1041 (9th Cir. 1999). If the government seeks to remove Petitioner to Mexico, they must provide him with a meaningful opportunity to apply for withholding of removal and protection under the Convention Against Torture as to that country.

that a noncitizen's release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of those conditions."); see also Gonzalez Barrera v. Warden, California City Immigration Processing Center, No. 1:26-cv-04377-DJC-SCR, 2026 WL 2086017 (E.D. Cal. July 20, 2026), adopted by 2026 WL 2200354 (July 29, 2026) (ordering release of a Cuban national where his third country removal to Mexico was not reasonably foreseeable).

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's amended application for a writ of habeas corpus be granted.

2. Respondent be directed to immediately release Petitioner RAMON ALEJANDRO ROQUE REY, (A#200-957-799), on reasonable conditions of supervision in accordance with 8 C.F.R. § 241.13(h).

3. Respondent be directed to file a notice of compliance within three (3) days of any order adopting these findings and recommendations.

4. Respondent be prohibited from redetaining Petitioner without first complying with 8 C.F.R. § 241.13.

5. The Clerk of the Court be directed to:

a. Serve the Central Valley Annex with a copy of any order of release; and

b. Enter judgment in Petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE